Francis Whittaker et al., Appellants, *v.* Samuel Murray et al., Appellees.

APPEAL FROM MORGAN.

In an action upon a record which shows that an appearance was entered for several defendants, one only being served, the plaintiffs are entitled *primâ facie* to a judgment. A recovery might be defeated by showing a want of authority on the part of the attorneys who entered an appearance.

This cause was heard before Woodson, Judge, at the Morgan Circuit Court, in November term, 1853.

D. A. Smith, for appellants.

M. McConnel, for appellees.

Treat, C. J. This was an action of debt, brought by Whittaker and Palmer against Murray and Saunders. The declaration was on the record of a judgment, rendered in the court of common pleas for the county of St. Louis and State of Missouri, in favor of the plaintiffs and against the defendants. The defendants craved oyer of the record, and demurred to the declaration. The court sustained the demurrer, and rendered judgment for the defendants.

The only question in the case is, whether the record as set out on oyer showed a valid judgment against the defendant Murray. The suit in Missouri was commenced by attachment, certain persons being summoned as garnishees. There was no service of process on the defendants. The court made an order for the publication of notice to the defendants, but it does not appear that any notice was ever given. The cause of action, as set forth in the petition or declaration, was for money lent and advanced by the plaintiffs to the defendants; and for damages sustained by the plaintiffs by reason of a breach of contract on the part of the defendants. An answer was filed in the name of Saunders, denying all the allegations of the petition. It was signed by " Strother and Leslie for defendants," and sworn to by Saunders. This order was then made: " On motion of the defendants, a *dedimus* is awarded to them to take depositions in the State of Illinois." The plaintiffs subsequently moved " to suppress the depositions taken for de-

25 *

fendants;" and the court, after hearing "the parties by their attorneys," sustained the motion. The record then recites that the parties came again by their attorneys and submitted the cause to a jury, who found the issue for the plaintiffs, and assessed their damages at $780. A paper was then filed in these words: "Defendants, by their attorneys, move for a new trial for the following reasons: 1. The verdict is against the evidence. 2. It is against the weight of evidence. 3. It is against law. 4. It is against law and evidence. 5. The damages are excessive. Strother and Leslie, attorneys for defendants." The court refused to grant a new trial, and rendered judgment against the defendants for the amount of the verdict. The case throughout the record is entitled against both defendants.

It is manifest from the record, that the attorneys appeared for both of the defendants. They assumed to act for them in every stage of the case. This appears as well from the entries made by the clerk, as from the positive acts of the attorneys themselves. They entered motions on behalf of the defendants generally, and signed the papers of the case in the same manner. There is nothing in the record to indicate that they intended to appear for Saunders only. The fact that the answer was not the joint act of the defendants, was probably because Murray was not present to verify the truth of its statements. Even it was subscribed by Strother and Leslie, as attorneys for the defendants. It was not necessary for the protection of Murray, that he should be a party to the answer. The plaintiffs were bound to establish a joint cause of action against the defendants. He, therefore, had the full benefit of the denials of the answer, and of all evidence introduced on the part of the defence. If the attorneys had authority to appear for Murray, the judgment is conclusive against him. And the presumption clearly is, that they had such authority. Bimiler *v.* Dawson, 4 Scam. 536; Welch *v.* Sykes, 3 Gilm. 197. He may, perhaps, defeat a recovery on the record, by showing that they had no authority to enter an appearance for him. It was intimated in Welch *v.* Sykes, that such a defence may be interposed. But this want of authority, if such be the fact, must be distinctly alleged and proved by Murray. The court erred in sustaining the demurrer. *Primâ facie*, the plaintiffs are entitled to judgment on the record.

The judgment is reversed, and the cause is remanded.

*Judgment reversed.*